FILED
SUPERIOR COURT
OF GUAM

2018 JAN 26 PM 3: 07

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

HSIAO WEI YU,

        Plaintiff,

vs.

MEI FEI LIANG, HELEN YU HU, and
HSIAO JUNG YU,

        Defendants.

) CIVIL CASE NO. CV0087-16
)
)
)
)
) **DECISION AND ORDER**
)
)
)
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Defendants' Motion *in Limine* to Exclude Judge Elyze Iriarte as a Witness at Trial. Plaintiff Hsiao Wei Yu is represented by Attorney Gary W.F. Gumataotao. Defendants Mei Fei Yu, Helen Yu Hu, and Hsiao Jung Yu are represented by Attorney Geri E. Diaz. Having reviewed the arguments, papers, and file herein, the Court now issues the following Decision and Order granting the Defendants' motion to exclude all attorney-client communication between Defendants and Elyze Iriarte, as well as communication between Defendants and their current attorney Geri Diaz.

## BACKGROUND

This matter arises out of Plaintiff's February 4, 2016 Complaint, which was subsequently amended on April 13, 2016. Defendant Helen Yu Hu filed her answer to the Amended Complaint on May 4, 2016. Defendants Mei Fei Yu and Hsiao Jung Yu filed their Answer to the Amended Complaint on October 20, 2016. Plaintiff filed his Witness List on August 22, 2017. This list includes Judge Elyze Iriarte (former counsel for Defendant) and

ORIGINAL

Attorney Geri Diaz (present counsel for Defendant). On September 25, 2017, Defendants filed their motion to exclude Judge Iriarte as a witness. Plaintiff filed his Opposition on September 16, 2017. On October 16, 2017, Defendants filed their reply to Plaintiff's Opposition, in which Defendants moved to additionally exclude Geri Diaz as a witness.

## ISSUE

1. Whether testimony from Judge Elyze Iriarte or Attorney Geri Diaz is protected by the attorney-client privilege pursuant to 6 G.C.A. §504(c) and relevant case law.

## FACTS

1. Defendant Hu was deposed on May 22, 2017. During this deposition, Defendant Hu made several references to conversations she had with her legal counsel.

2. The following exchanges took place during the deposition:

   a. Q: All right. So, what's your response to that when they cancelled your business license?
   A: I ask my lawyer handle. Elyze Iriarte. She handle for me, so not my – I can't answer.
   Q: Did you discuss it with Rev & Tax? Anybody there about why they cancelled the license?
   A: Not me. My attorney.

   b. Q: Has Rev & Tax told you that they will allow you to rent these units?
   A: No, they don't say that.
   Q: What did they say?
   A: They don't say anything. They say talk to your attorney.

   c. Q: Before we sued you, did you talk to any lawyer about your brother complaining or about the government coming after you or the government coming after these people?
   A: Oh, government give us letter, I talk to Iriarte.

   d. Q: After you talked to the lawyer; after you talked to Elyze Iriarte, did you stop renting—
   A: No.
   Q: -the units?
   A: No, no.
   Q: (this portion, struck from the record)
   A: (this portion, struck from the record)
   Q: (this portion, struck from the record)
   A: (this portion, struck from the record)
   Q: Well, that opens a door for something else.
   A: So, I'm the legal to do everything.

Q: Oh.
A: I have attorney to protect us.

3. On August 22, 2017, Plaintiff filed his Witness List. This list includes Judge Elyze Iriarte (former counsel for Defendant) and Attorney Geri Diaz (present counsel for Defendant).

## DISCUSSION

**I. Communications between Defendant Hu and Her Attorneys Are Protected by Attorney-Client Privilege.**

6 Guam Annotated §504(c) provides that Defendants have the right to demand that any and all communications with their former and current attorneys remain confidential pursuant to attorney-client privilege. Plaintiffs contend that this right has been waived by Defendant Hu.

**a. Defendant Hu Has Not Raised the Advice-of-Counsel Defense.**

Plaintiff argues that Defendant has waived attorney-client privilege by raising the affirmative defense of advice-of-counsel. Plaintiff is correct in his assertion that a party may waive privilege by asserting an advice-of-counsel defense, thereby placing otherwise privileged information at issue. Whenever a party asserts reliance on the advice of counsel as the basis for action or inaction in a particular matter, that party is deemed to have placed the attorney-client relationship "in" or "at" issue. The use of this defense acts as an implied waiver of attorney-client privilege, as communications between the attorney and the client must now be disclosed in order to determine the validity of the defense.

In <u>Southern Cal. Gas Co. v. Public Utilities Com.</u>, 50 Cal.3d 31, 265 Cal.Rptr. 801 (1990), the Supreme Court of California ruled that a defendant had not waived attorney-client privilege by making statements concerning legal counsel's approval of the defendant's actions. The Court held that communications between the defendant and its counsel were not at issue unless the defendant was to utilize a defense of good faith reliance on counsel.

> "Nowhere in its CAM application or in the proceedings before the commission does SoCalGas state that it intends to rely on its attorneys' advice or state of mind to demonstrate that it acted reasonably when it bought out the Getty contract. It was expressly stated otherwise. Because its attorneys' advice or state of mind is not in issue, it has not impliedly waived its attorney-client privilege. <u>Id.</u> at 42.

It is of note that the defendant in <u>SoCalGas</u> had commented on communications with its legal staff and had stated that counsel had concurred with a relevant plan of action. <u>Id.</u> at 35. The Court was not convinced that these statements were sufficient to constitute an assertion of the advice-of-counsel defense.

Plaintiff's argument fails in the present case because Defendant has not raised the advice-of-counsel defense. Defendant Hu has filed both an Answer and an Answer to the First Amended Complaint, and neither answer raises the advice-of-counsel defense. The deposition transcript does not support Plaintiff's position that Defendant "attempts to rely upon advice of counsel in justifying a continuing criminal enterprise." (Opposition to Defendants' Motion *in Limine* to Exclude, Sep. 26, 2016.)

In her deposition, Defendant Hu responds to several questions by stating that she talked to her attorney about the relevant issues. Defendant Hu also suggested that she received approval from her attorney to take certain actions. The mere mentioning of a conversation with an attorney does not equate to the invocation of the advice-of-counsel defense. Plaintiff has not provided any authority to support the contention that the brief statements made during Defendant Hu's deposition constitute the raising of the advice-of-counsel defense and the subsequent waiver of attorney-client privilege.

**b. Defendant Hu Has Not Disclosed a Significant Part of Her Communication with Her Attorneys to Qualify as a Waiver of Attorney-Client Privilege.**

6 Guam Code Annotated § 503(a) provides that attorney-client privilege is waived if the holder of the privilege, without coercion, has disclosed a significant part of the communication had with his or her attorney. Defendant Hu's deposition statement was neither far reaching, wide in scope, nor deep or thorough enough to be classified as significant or substantial disclosure of her communications with her attorneys.

**CONCLUSION AND ORDER**

Based on the above, the attorney-client privilege remains intact as Defendant did not reveal a significant or substantial part of her communication with her attorneys during her deposition. Also, she did not knowingly, willfully, and/or voluntarily intend to waive the privilege and, more importantly, although she did consult with her attorneys regarding this case,

she has never pled the advice of counsel as an affirmative defense which would lead to a waiver of her right to keep her conversations with her attorney confidential and privileged.

For the reasons set forth above, the Court GRANTS THE DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE JUDGE ELYZE IRIARTE AND ATTORNEY GERI DIAZ AS WITNESSES AT TRIAL.

SO ORDERED, this _____ day of _____ 2017.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
CC law office
Guma htotao
Date: 1/26/18   Time: 3:10 PM
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam